**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOBLE CHRISTO EL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DAVID KELSEY, et al., <br><br> Defendants. | Civil Action No. 23-1458 (KMW) (MJS) <br><br> **OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the applications to proceed *in forma pauperis* and requests to reopen this matter filed by Plaintiffs Suarez, Ludwigsen, Robinson, Copes, Broomfield, Smith, Cubbage, Banks-Carey, Jenkins, Shope, Parrish, Stokes, Shaw, and Tucker. (ECF Nos. 5-18.) Having reviewed these filings, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and those requests shall be granted. The remaining Plaintiffs other than Plaintiff Christo El, who was previously granted *in forma pauperis* status in this matter (*see* ECF No. 2), however, failed to respond in accordance with this Court's prior order, and shall therefore be dismissed from this matter without prejudice as the Court deems them to have withdrawn their participation in this case pursuant to the Court's prior order. (ECF No. 2). Because all of the Plaintiffs who remain a part of this matter have now been granted *in forma pauperis* status, this Court is required to screen Plaintiffs' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an

immune defendant. For the reasons set forth below, Plaintiffs' complaint shall be dismissed without prejudice.

## I. BACKGROUND

Plaintiffs' complaint chiefly concerns itself with the water in their housing unit in the Burlington County Jail being shut off during part of the weekend of February 18, 2023. (ECF No. 1 at 11-17.) According to the complaint, one of the inmates on the unit "manually triggered" a fire sprinkler, which went off and damaged the unit's sprinkler system. (*Id.* at 12.) The guards thereafter told Plaintiffs that the water had to be shut off so that the sprinkler systems could be repaired. (*Id.*) Although the fire sprinkler was fixed later that same day, the water remained off for the remainder of February 18 and all of February 19, despite complaints from Plaintiffs. (*Id.*) Although the water remained off, guards did offer to provide inmates with water as needed to flush their in cell toilets (*see* ECF No. 1 at 13), and nothing in the complaint suggests that Plaintiffs were denied access to fluids to drink as needed although their cell sinks were apparently nonfunctional. (*Id.*) After a routine search of the unit for contraband in the early morning hours of Monday, February 20, 2023, Plaintiffs informed Defendant Shurig that their cell water remained turned off, which he immediately addressed by having the water turned back on for the cells. (*Id.* at 16-17.) Additionally, Plaintiff Christo El alleges that he was denied a request for mops and cleaning supplies by unspecified officials between February 18 and 25, and that he was denied laundry service between February 18 and 26 during a jail lock down following a fight between unspecified inmates and officers, but he does not specify who specifically denied his requests.

In their complaint, Plaintiffs explicitly state that they did not attempt to file any administrative grievances with jail staff to raise their claims before filing suit. Plaintiff Christo El explains this failure by stating that, between February 18 and 20, 2023, he did not have access to

the grievance system, but could only make verbal complaints. (*Id.* at 11.) Plaintiffs do not explain why they could not file a grievance after February 20, 2023. (*Id.*)

## II. LEGAL STANDARD

Because Plaintiffs have been granted *in forma pauperis* status in this matter, this Court is required to screen their amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

Plaintiffs seek to raise conditions of confinement claims based on a brief denial of access to running water in February 2023. However, by their own admission, Plaintiffs made no attempt to file administrative grievances before filing suit in this matter. (ECF No. 1 at 11.) Pursuant to 42 U.S.C. § 1997e, before a prisoner may file a civil rights suit challenging "prison conditions," he is required to exhaust all available administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006). Indeed, a prisoner is required to "exhaust administrative remedies even where the relief sought – [such as] monetary damages – cannot be granted by the administrative process." *Id.*; *see also Booth v. Churner*, 532 U.S. 731, 734 (2001). Where an administrative procedure is available, a plaintiff seeking to challenge prison conditions via a federal civil rights action must fully and properly exhaust his administrative remedies prior to filing suit, and exceptional circumstances will not excuse a plaintiff's failure to exhaust his claims. *Ross v. Blake*, --- U.S. ---, ---, 136 S. Ct. 1850, 1856-57 (2016). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Booth v. Churner*, 206 F.3d 289, 298 (3d Cir. 2000), *aff'd*, 532 U.S. 731 (2001). Although this exhaustion

4

requirement is an affirmative defense, a complaint may be dismissed at screening for failure to exhaust "when a plaintiff expressly concedes [his] failure [to exhaust] on the face of the complaint." *See Caiby v. Haidle*, 785 F. App'x 64, 65 (3d Cir. 2019); *see also Ray v. Kertes*, 285 F.3d 287, 283 n. 5 (3d Cir. 2002).

In this matter, Plaintiffs expressly admit they did not even attempt to file any administrative grievance through the prison's grievance system before filing this matter. (ECF No. 1 at 11.) Although Plaintiffs state that they couldn't file a grievance between February 18 and 20, they do not allege that they were thereafter prevented from filing a grievance or that the grievance system was otherwise unavailable after February 20, 2023. As Plaintiffs' statements explicitly confirm that they did not exhaust their claims as required by § 1997e, because Plaintiffs' claims are clearly subject to the administrative exhaustion requirement as they relate to their conditions of confinement, and because Plaintiffs have not shown that the grievance system was unavailable as they have made no statement regarding an inability to file a grievance *after* February 20, Plaintiffs' complaint on its face indicates that they did not properly exhaust their claims before filing suit in this matter. Plaintiffs' complaint must therefore be dismissed without prejudice for failure to exhaust at this time. Plaintiffs may refile their complaint once they have completed the administrative exhaustion process.

### IV.   CONCLUSION

For the reasons expressed above, the *in forma pauperis* applications of Plaintiffs Suarez, Ludwigsen, Robinson, Copes, Broomfield, Smith, Cubbage, Banks-Carey, Jenkins, Shope, Parrish, Stokes, Shaw, and Tucker (ECF Nos. 5-18) are **GRANTED**, those Plaintiffs who have not been granted *in forma pauperis* status are dismissed without prejudice as they are deemed to have withdrawn from this matter, and Plaintiffs' complaint is **DISMISSED WITHOUT**

**PREJUDICE** for failure to exhaust administrative remedies. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

6